## MERCHANTS INDEMNITY CORPORATION OF NEW YORK v. DANA et al.
### (three cases).
### Civ. Nos. 2234, 2235, 2237.

District Court, D. Connecticut.
Feb. 12, 1948.

M. J. Blumenfeld and Pelgrift, Dodd, Blumenfeld & Nair, of Hartford, Conn., for plaintiff.

Harrison D. Schofield and Woodhouse & Schofield, of Hartford, Conn., for Dana.

Wall & Wall, of Torrington, Conn., for O'Connor.

William H. Blodgett, of Winsted, Conn., for Platt, Adm'r, and Casey.

David Cramer, of Litchfield, Conn., for Keiller.

SMITH, District Judge.

These are three declaratory judgment actions brought by a liability insurer to determine whether the actual use of an automobile, covered by plaintiff's liability policy, by the defendant O'Connor, an employee of the named insured, the defendant Dana, was with the permission of the named insured.

Defendants Keiller and Casey, and Platt as administratrix, file counterclaims against the plaintiff, on its policy, for injuries to Keiller and Casey, and for the death of Platt's decedent, alleged to have been caused by the negligence of O'Connor as the agent of Dana, and also file cross-claims based on the same alleged negligence against the codefendants Dana and O'Connor.

Plaintiff, supported by Dana, asks that pleading to the counterclaims and cross-claims be deferred until the determination of the issues on the Complaint since otherwise plaintiff, and presumably Dana, may be forced into inconsistent positions in pleading with reference to O'Connor's permission and agency, and the plaintiff may be in the anomalous position of opposing O'Connor and defending him under the contract, or, in the alternative, refusing to defend and risking a breach of contract, if the issue of actual use with permission of the named insured should be decided against the plaintiff in the declaratory judgment action. This is an anomalous position in which counsel for the plaintiff probably should not be placed. However, as a practical matter, since O'Connor is represented by his own counsel, it may be possible to avoid the dilemma by the plaintiff's undertaking to compensate his present counsel under a reservation of rights, or furnishing separate counsel for O'Connor.

Plaintiff's difficulty appears to be inherent in its own position on the contract which it wrote. It is the plaintiff's choice which created the anomalous situation in which it now finds itself. It is entitled to a determination of the issues raised by its declaratory judgment Complaint, but that right should not unduly delay the determination of the rights of the injured parties. Had the injured parties first brought suit in the state courts, and a separate action been instituted here by the plaintiff for a declaratory judgment and stay of the negligence action pending the determination of the declaratory judgment action, it would still have been in an anomalous position with regard to O'Connor, opposing him in one action and faced with the possible duty to defend him in the other action, for the state

court action would not be enjoined,[1] although plaintiff might win the race for earlier determination of the issue here, subject, however, to the chance for delay on appeal.

The same question of ethics of counsel, which the plaintiff here suggests, would there arise and it would appear that the question could be avoided completely only by provision of other counsel, preferably of O'Connor's own choice, under a reservation of the right to withdraw from further employment, of O'Connor's counsel, if successful in the declaratory judgment action.

By the declaratory judgment action, plaintiff has raised the issue of its obligation to defend and indemnify. The defendants, by the counterclaims and cross-claims, have tendered also the issues of negligence and agency. All the issues can be disposed of in the one action and the advantage to the plaintiff of prior declaration of rights on the issue tendered by it would seem to be outweighed by the economy of time of parties, witnesses, Court and juries of disposition of all issues at one trial.

■ Moreover, the purpose of the declaratory judgment act, a speedy determination of rights without suffering delay pending bringing of action by the adversary, is met here by the counter- and cross-pleadings, raising all the issues affecting the ultimate liability of the plaintiff.

■ Ordinarily, it seems, if all the parties appear in the state court action and the issue can there be determined, the federal courts will decline to exercise their discretionary jurisdiction to declare the rights of the parties.[2]

■ Plaintiff originally sought expeditious determination of one issue on which its obligations depend. When it brought in all the claimants as well as the insured and her employee, it afforded opportunity to use this forum to decide all the issues properly pleadable, and hardly seems consistent in seeking to delay expeditious disposal of the other issues.

The motions to extend the time are denied.

Pleadings addressed to the counterclaims and cross-claims, in accordance with the stipulation of counsel, may be considered timely if served within ten days of the date of the filing of this Memorandum.

[1] 3 Moore Fed. Practice, 1946 Cum. Supp., p. 228; 28 United States Code Annotated § 379; Maryland Casualty Co. v. Pacific Coal & Oil Co., 1941, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826.

[2] 3 Moore Fed. Practice, p. 3212, n. 33; p. 3229, n. 25.